UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR TRUJILLO-CHAVEZ, A-240-464-926, *a.k.a.*, GERARDO FUENTES LOMELI, A-399-312-787,<br><br>             Petitioner,<br><br>     v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILIY,<br><br>             Respondent. | No.  1:26-cv-03216-DC-EFB (HC)<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  For the reasons set forth below, the undersigned recommends the writ be granted and respondents be ordered to provide petitioner a bond hearing.

**BACKGROUND**

**A.  Factual Background**

In his petition for writ of habeas corpus, petitioner alleges that he is a noncitizen who is currently detained by respondents pending immigration removal proceedings.  ECF No. 1 ¶ 18. He alleges that he entered the United States thirty years ago and, since then, has resided in the United States with his wife, with whom he has raised two children.  *Id*. ¶  23.  He alleges that he

1

has suffered two criminal convictions for driving under the influence, two convictions for domestic violence offenses, and one conviction for assault on a minor. *Id*. He has an application for adjustment of status, I-485, pending. *Id*. ¶¶ 18, 23. On February 4, 2026, he was arrested by Immigration and Customs Enforcement (ICE) agents and has been detained since that date without access to a bond hearing. *Id*. ¶¶ 19-20. During his detention, he alleges, he has not received adequate medical care and the conditions of his confinement are otherwise substandard. *Id*. ¶ 23.

Respondent does not dispute petitioner's factual allegations. ECF No. 13 at 2-3. Respondent further represents that petitioner is a citizen of Mexico who entered the United States on, approximately, January 18, 1998. *Id*. at 2 & Ex. 1. At that time, he was released on his own recognizance and no Notice to Appear at removal proceedings was filed in the Executive Office for Immigration Review. *Id*. Petitioner suffered criminal convictions in 2019, 2024, 2025, and 2026, including a conviction on July 16, 2025, for violation of California Health and Safety Code § 11377(a) (possession of a controlled substance), for which he was sentenced to 32 days in jail and 12 months of probation. *Id*. at 2-3. Respondent agrees that petitioner was arrested by ICE agents on February 4, 2026, and represents that, on February 5, 2026, the Department of Homeland Security (DHS) issued petitioner a Notice to Appear charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). *Id*. at 3 & Ex. 2.

In his reply brief, petitioner does not dispute the factual representations made by respondent. ECF No. 14.

**B.  Procedural Background**

Petitioner initiated this action in propria persona on April 27, 2026, ECF No. 1, under the name Gerardo Fuentes-Lomeli, and with the alien registration number (A-number) of 240-464-920. ECF No. 1. The same day, petitioner moved for appointment of counsel and to proceed in forma pauperis. ECF Nos. 2, 3. On April 30, 2026, respondent moved for petitioner to provide his correct A-number, on the basis that the A-number provided in the petition did not appear affiliated with the name under which the petition was filed. ECF No. 6. That motion and petitioner's motion to appoint counsel were granted on May 4, 2026. ECF No. 7. Counsel

appointed counsel for petitioner on May 11, 2026.  ECF No. 9.  On May 21, 2026, counsel for petitioner filed a notice of petitioner's A-number stating that petitioner's true name is Gerardo Fuentes-Lomeli and his A-number is 399-312-787.  The notice added that petitioner is currently detained under the alias Oscar Trujilio-Chavez, with the A-number 240-464-920.  ECF No. 11. The court's docket was updated to reflect this.  On May 28, 2026, respondent timely filed a response to the petition, ECF No. 13, and petitioner filed a reply on June 1, 2026.  ECF No. 14.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

In his petition, petitioner raises a single claim for relief, alleging that his prolonged detention without a bond hearing violates his rights to due process under the Fifth Amendment. ECF No. 1 at 16-17.  As a remedy, petitioner requests the court order his immediate release or, alternatively, order respondent to provide him a bond hearing within 30 days, as well as grant declaratory relief and attorneys fees.  *Id*. at 17.  In his reply brief, however, petitioner argues that the appropriate relief is the ordering of a bond hearing at which respondent bears the burden of proof by clear and convincing evidence.  ECF No. 14 at 8-9.

Respondent argues that petitioner has no cognizable liberty interest in his release, because his detention is mandated by 8 U.S.C. § 1226(c) and § 1225(b).  ECF No. 13 at 3-8.  Respondent also argues that, if the court finds petitioner is entitled to habeas corpus relief, the court should order respondents to provide petitioner a bond hearing, in lieu of ordering his immediate release, and that petitioner should bear the burden of proof at such a hearing.  *Id*. at 8-9.

////

////

////

3

**1. Violation of Right to Due Process**

Liberally construing the allegations of petitioner's pro se petition, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and in light of the arguments made in petitioner's reply brief prepared by counsel, it appears petitioner advances two alternative theories of deprivation of his Fifth Amendment procedural due process rights.  In some respects, his allegations posit that respondent has violated his procedural due process rights by holding him in detention for a prolonged period of time without providing him a bond hearing.  *See* ECF No. 1 ¶¶ 8, 20, 26-28, 30, 36, 38-49.  In other respects, his allegations appear to be that, because he is lawfully subject to detention under 8 U.S.C. § 1226(a), he is entitled to a bond hearing under that statutory section, and respondent's failure to provide him one violates his rights to procedural due process, regardless of the length of his detention.  *See id.* ¶¶ 21-23, 32-35, 37, 46-49; ECF No. 14 at 2, 8, 9.  The undersigned concludes that petitioner has demonstrated his entitlement to habeas corpus relief on the latter ground, but not the former, and recommends the writ be granted.

**a. Failure to Provide Petitioner a Bond Hearing Under 8 U.S.C. § 1226(a)**

The due process clause of the Fifth Amendment protects persons in the United States from being deprived of life, liberty, or property without due process of law.  Noncitizens subject to mandatory detention are not without due process rights. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1091-93 (E.D. Cal. 2025) (finding a liberty interest for a petitioner under § 1225(b)(1)).  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Courts examine procedural due process claims in two steps. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  The first step asks whether a protected liberty or property interest exists, and the second step examines the constitutional adequacy of the procedures employed by the State to interfere with that interest. *Id.*  Here, at the first step, it is unquestionable that petitioner has a liberty interest that is cognizable under the due process

4

clause. *See, e.g., Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").

### i.        Applicability of 8 U.S.C. § 1226(c)

Respondent argues that, notwithstanding this generalized interest in one's liberty, petitioner's liberty interest has been abrogated by the application of 8 U.S.C. § 1226(c)(1)(A) to him, which mandates the detention of certain noncitizens who have committed criminal offenses. ECF No. 13 at 3-7.  Respondent's position is unpersuasive.

Section 1226(c)(1)(A) of the Immigration and Nationality Act (INA) provides that "[t]he Attorney General *shall* take into custody any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title."  8 U.S.C. § 1226(c)(1)(A) (italics added).  Section 1182(a)(2) provides that a noncitizen is ineligible for admission if he or she has committed certain crimes, including, as relevant here, having been convicted or having admitted to having committed "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)."  8 U.S.C. § 1182(a)(2)(A)(i)(II); *see* ECF No. 13 at 4 (citing same).  Section 802 of Title 21 defines a "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter."  21 U.S.C. § 802(6).

For two reasons, respondent fails to show that the lawful application of 8 U.S.C. § 1226(c)(1)(A) to petitioner defeats petitioner's claim that his being held without a bond hearing violates his rights to procedural due process.  First, as respondent acknowledges, the Notice to Appear with which petitioner was served does not charge him with inadmissibility under 8 U.S.C. § 1182(a)(2), but rather inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i).  ECF No. 13 at 3 & Ex. 2 at 1.  A noncitizen alien possesses a due process right in having notice of "the charges upon which the [removability] proceeding is based," *Hirsch v. Immigr. & Naturalization Serv.*, 308 F.2d 562, 567 (9th Cir. 1962), and thus respondent could not, consistent with due process, detain petitioner pursuant to 8 U.S.C. § 1182(a)(2), while only having given him notice that he was

5

being charged as removable pursuant to sections 1182(a)(6). *See generally id.*; *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004); *see also Matovski v. Gonzales*, 492 F.3d 722, 738 (6th Cir. 2007) (holding "due process requires that a Notice to Appear contain all grounds for [the alien's] removability"); *Tigrero Mora v. Chestnut*, No. 2:26-CV-00626 DJC CSK, 2026 WL 1175243, at *3 (E.D. Cal. Apr. 30, 2026), *report and recommendation adopted sub nom. Tigrero Mora v. Warden Chestnut*, No. 2:26-CV-00626 DJC CSK, 2026 WL 1272963 (E.D. Cal. May 8, 2026) (relying on basis of removability set forth in Notice to Appear to establish what corresponding detention authority applies). On this basis, respondent fails to demonstrate that petitioner is, at present, lawfully detained as removable under 8 U.S.C. § 1182(a)(2), which would trigger the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(A).

Respondent also fails to demonstrate that petitioner has committed a violation of a controlled substance, as defined by 21 U.S.C. § 802(6), so as to subject him to the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(A). Respondent argues that "[p]etitioner's conviction for possession for possession of a controlled substance, in violation of CHSC § 11377(a), subjects him to mandatory detention under 8 U.S.C. § 1226(c)(1)(A)." ECF No. 13 at 4. Respondent fails to demonstrate, however, that petitioner's conviction for violation of California Health and Safety Code § 11377(a) constitutes a violation of a law "relating to a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1182(a)(2)(A)(i)(II). The Court of Appeals has explained that the list of substances whose possession is barred under California Health and Safety Code § 11377(a) is broader than those included in 21 U.S.C. § 802(6). *Coronado v. Holder*, 759 F.3d 977, 983 (9th Cir. 2014). Thus, if an alien is convicted under California Health and Safety Code § 11377(a), he has not necessarily met the standard for inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(II). *Id.* Instead, to demonstrate the alien's removability under this section, the Government must demonstrate that the controlled substance at issue in the California Health and Safety Code § 11377(a) violation is one that is also a controlled substance under 21 U.S.C. § 802(6), relying on the state court proceeding's "charging document, the terms of a plea agreement, the transcript of colloquy between the judge and the defendant in which the factual basis for the plea was confirmed by the defendant, and comparable

judicial records." *Id*. at 984-85.  Here, respondent has presented no such information; rather, he relies only on the fact of petitioner having been convicted under California Health and Safety Code § 11377(a) to argue that petitioner is necessarily removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II).  ECF No. 13 at 4.  In so doing, respondent fails to meet his burden to prove petitioner's removability under that section, *see Coronado*, 759 F.3d at 984-85, and, correspondingly, that petitioner's present detention is required under 8 U.S.C. § 1226(c)(1)(A) so as to defeat petitioner's due process claim.

### ii.      Applicability of 8 U.S.C. § 1225(b)(2)

Respondent alternatively argues that petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2), which abrogates his liberty interest for due process purposes.  ECF No. 13 at 7-8.  This argument, too, is unpersuasive.

As many courts have already concluded, respondent's argument fails as a matter of statutory construction.  *See Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *3 (E.D. Cal. Dec. 22, 2025) (collecting cases).  Section 1225(b)(2)(A) provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  8 U.S.C. § 1225(b)(2)(A).  Respondent's position is that "applicant for admission" and "an alien seeking admission" both be interpreted to include persons like petitioner, who had previously entered in the United States, encountered DHS agents, and were detained then released on their own recognizance or under an order of supervision.  ECF No. 13 at 2, 7-8.  This interpretation is untenable, however, because it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025); *see also Tinoco v. Noem*, 818 F. Supp. 3d 1141, 1150-52 (E.D. Cal. 2025); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113, 1120-21 (E.D. Cal. 2025); *D. L.C. v. Wofford*, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511, at *4 (E.D. Cal. Jan. 5, 2026).

////

Instead, petitioner has demonstrated that, because he is not an "applicant for admission" within the meaning of § 1225(a), he is subject to the detention provision set forth in § 1226(a), which includes entitlement to a custody redetermination hearing before an Immigration Judge. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196-97 (9th Cir. 2022); *Rodriguez*, 802 F. Supp. 3d at 1324-36; 8 C.F.R. §§ 236.1(d)(1), 1003.19. Respondents therefore fail to demonstrate that petitioner's liberty interest in receiving a bond hearing has been abrogated or eliminated by applicable provisions of the INA.

Having found petitioner possesses a cognizable liberty interest, the court turns to the second step of the analysis, to determine whether detention violates a petitioner's Fifth Amendment procedural due process rights and the amount of process a petitioner is due. In making this determination, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976). Here, petitioner has shown that he has a substantial interest in his freedom from detention, relative to the first factor. Since petitioner's entry to the United States, he has developed "enduring attachments of normal life," including familial connections, legally indistinguishable from those experienced by a criminal parolee. *See* ECF No. 1 ¶ 23; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *Tinoco,* 818 F. Supp. 3d at 1152.

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Tinoco,* 818 F. Supp. 3d at

8

1152; *Labrador-Prato*, 815 F. Supp. 3d at 1121; *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor. "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. The effort and cost required to provide petitioner with procedural safeguards are minimal. *See Tinoco,* 818 F. Supp. 3d at 1152-52; *Labrador-Prato*, 815 F. Supp. 3d at 1122 ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention without a bond hearing in accordance with 8 U.S.C. § 1226(a) violates his rights under the due process clause of the Fifth Amendment, entitling him to habeas corpus relief.

### b.  Prolonged Detention Without a Bond Hearing

Petitioner fails to demonstrate that his procedural due process rights have been violated by his having been subjected to a prolonged period of detention without a bond hearing. The Supreme Court has held that indefinite civil detention violates a noncitizen's right to due process, and, where a noncitizen is detained under 8 U.S.C. § 1231(a)(6), he may be detained for a presumptively-reasonable 6-month period, after which he is entitled to release upon a showing that "there is no significant likelihood of removal in the reasonably foreseeable future."

*Zadvydas*, 533 U.S. at 701.  In *Jennings v. Rodriguez*, 583 U.S. 281, 306, 313-14 (2018), the Supreme Court rejected the argument that such a limitation was implicit in detention under 8 U.S.C. § 1226(a), but left open the question of whether a due process challenge could lie where a petitioner was subject to lengthy detention under that section.  In *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205-08 (9th Cir. 2022), the Court of Appeals held such a claim was cognizable, though held that, within the meaning of this rule, detentions exceeding six months were "prolonged."

Under this authority, petitioner's alternative theory of a due process violation fails.  The undisputed facts before the court are that petitioner has been detained for less than five months, indicating that his detention has not become "prolonged" under *Zadvydas*, 533 U.S. at 701; *Jennings*, 583 U.S. 281; or related authority.  Thus, petitioner fails to demonstrate that his detention without a bond hearing has become so prolonged as to have deprived him of the process he is due under the Fifth Amendment.  *See Rodriguez Diaz*, 53 F.4th at 1207-10.

**2. Remedy**

As a remedy, petitioner requests the court order respondent provide him with a bond hearing at which the Government bears the burden of proof, by clear and convincing evidence, that his ongoing detention is warranted because he is a flight risk or a danger to the community.  ECF No. 14 at 8-9.  Respondent argues that petitioner should bear the burden of proof at a bond hearing.  ECF No. 13 at 8-9.  The undersigned agrees with respondent.

Under 8 U.S.C. § 1226(a), "in initial bond determinations, . . . the burden of persuasion is on the petitioner to show that he is neither a flight risk nor a danger to the community." *Nasar v. Warden of California City Det. Ctr.*, No. 2:26-CV-00433-DC-AC (HC), 2026 WL 731160, at *5 (E.D. Cal. Mar. 13, 2026) (citing *Matter of Adeniji*, 22 I. & N. Dec. 1102 at 1112, and 8 C.F.R. § 236.1(c)(8)); *see also Larios v. Wofford*, No. 1:26-CV-01498-DJC-CKD, 2026 WL 765019, at *3 (E.D. Cal. Mar. 18, 2026) ("In a § 1226 (a) hearing, the Ninth Circuit held that the burden of proof is on the detainee." (citing *Rodriguez Diaz*, 53 F.4th at 1212)).  Petitioner relies on *Singh v. Holder*, 638 F.3d 1196, 1203-04 (9th Cir. 2011), where the Court of Appeals held that the petitioner was entitled to a bond hearing where the Government bore the burden of proof by clear

and convincing evidence. *See* ECF No. 14 at 8. There, however, the Court of Appeals' reasoning was premised on the fact that the petitioner had shown his due process rights had been violated by his prolonged—over four-year—detention without a bond hearing, pursuant to 8 U.S.C. § 1226(c); in light of the extreme impingement on his liberty interest, the Court of Appeals found it appropriate to place a high burden on the Government to justify such lengthy detention. *Singh*, 638 F.3d at 1203-04; *see also Rodriguez-Diaz*, 53 F.4th at 1210-11. Absent a showing that the petitioner's detention has become unreasonably prolonged, however, the utilization of the procedures of "§ 1226(a), which places the burden of proof on the detainee at a bond hearing, [is] constitutionally adequate." *Rodriguez Diaz*, 53 F.4th at 1210 (distinguishing *Singh*); *see also Alvarenga Matute v. Wofford*, 807 F. Supp. 3d 1120, 1132 (E.D. Cal. 2025) (same). Because petitioner has not shown that his present detention has become unreasonably prolonged, the undersigned recommends that, as a remedy, petitioner be granted a bond hearing at which he bears the burden to show that his detention is not justified by his flight risk or danger to the community, consistent with 8 U.S.C. § 1226(a) and its implementing regulations.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1)  Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

   a.  Respondent be ORDERED to provide Petitioner Oscar Trujillo-Chavez (A-240-464-926), *a.k.a.*, Gerardo Fuentes Lomeli (A-399-312-787), within fourteen (14) days, a bond hearing before an Immigration Judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and

   b.  If Respondent fails to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondent's custody;

2)  Petitioner's request for attorney's fees and costs be denied without prejudice to bringing a properly noticed and supported motion;

3)  The Clerk of Court be directed to serve the District Court's order on the California City Detention Facility; and

4) Judgment be entered in favor of petitioner and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

12